NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000735
28-DEC-2011
02:55 PM

NO. CAAP-11-0000735


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


In the Matter of the Application of PIONEER MILL COMPANY,
LIMITED, to register title and confirm its title to
land situate at Lahaina, Island and County of Maui,
State of Hawaiʻi, and KAHOMA LAND, LLC, as substituted
applicant regarding lots 1, 2 and 3A,
Petitioner/Substituted Applicant/Appellee

v.

EDWARD KAKALIA, an Individual, Respondent-Appellant,

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAIʻI
(LD. CT. CASE NO. 09-0300)


ORDER GRANTING NOVEMBER 2, 2011 MOTION TO DISMISS APPEAL
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Petitioner/Substituted
Applicant/Appellee Kahoma Land, LLC's (Appellee Kahoma Land),
November 2, 2011 motion to dismiss Appeal No. CAAP-11-0000735 for
lack of jurisdiction, (2) the lack of opposition by any other
party to Appellee Kahoma Land's November 2, 2011 motion to
dismiss, and (3) the record, it appears that we lack jurisdiction

over this appeal that Respondent-Appellant Edward Kakalia (Appellant Kakalia) has asserted from the Land Court's October 26, 2011 "Order Granting in Part and Denying in Part Substituted Applicant's Motion for Summary Judgment as to Apana 2 of Land Commission Award 8520 (Lot 1), Filed on 8/3/11" (the October 26, 2011 summary judgment order), because the land court has not yet reduced the October 26, 2011 summary judgment to a separate judgment.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees of the land court to the intermediate court of appeals. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Hawai'i Rules of Civil Procedure (HRCP) apply to "[p]roceedings in the land court under chapter 501[.]" HRCP Rule 81(b)(1). "Every judgment shall be set forth on a _separate_ document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" _Jenkins v. Cades Schutte Fleming & Wright_, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." _Id._ "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." _Id._ at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a _separate_ judgment." _Alford v. City and Count of Honolulu_, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added).

The October 26, 2011 summary judgment order is not a judgment. On December 8, 2011, the record on appeal for appellate court case number CAAP-11-0000735 was filed, at which time the record on appeal did _not_ contain a separate judgment

-2-

that either resolved all claims or contained an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b), as HRCP Rule 58 requires for an appeal under the holding in Jenkins. Absent an appealable final judgment, we lack jurisdiction over appellate court case number CAAP-11-0000735. Therefore,

IT IS HEREBY ORDERED that Appellee Kahoma Land's November 2, 2011 motion to dismiss Appeal No. CAAP-11-0000735 is granted, and Appeal No. CAAP-11-0000735 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 28, 2011.

Chief Judge

Associate Judge

Associate Judge